UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SAGAR THAKORE ET AL** | **CASE NO. 6:23-CV-01108** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SHELTER MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Compel Updated Medical Examination (Rec. Doc. 46), which Plaintiff opposed (Rec. Doc. 48). The Court conducted a telephone hearing on October 25, 2024.

Plaintiffs filed this suit after Sagar Thakore was injured in a pedestrian-vehicle accident. In April 2022, Mr. Thakore's treating spinal physician, Dr. Baronne, recommended a two-level lumbar fusion and a three-level cervical discectomy and fusion. Dr. Baronne stated that the lumbar fusion should be done first. (Rec. Doc. 48-1). Mr. Thakore also treated with Dr. Penton for his right knee and right shoulder and underwent knee surgery in November 2022.

Shelter's physician, Dr. Christopher Cenac, conducted a medical exam on July 12, 2023. According to Shelter, Mr. Thakore underwent the lumbar fusion in October 2023 and intends to proceed with the cervical fusion. Since Dr. Cenac's exam, Mr. Thakore has also begun treating for left shoulder issues, for which Dr. Penton has

recommended surgery. Shelter moves to compel Mr. Thakore to submit to an updated medical examination. Mr. Thakore does not object to a medical exam regarding his new left shoulder problem, but he does object to further exam of his neck, back, and right shoulder.

F.R.C.P. Rule 35 authorizes the Court to compel a party to undergo a medical examination when his physical or mental condition is in controversy and upon a showing of good cause. Further,

> Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected. Nor would such a limitation be a judicious one. Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request. Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the trial court.
>
> Examples of circumstances which have been held sufficient to justify second examinations include: (a) separate injuries calling for examination by distinct medical specialties; (b) where a physician requires assistance of other consultants before he can render a diagnosis; (c) where the first examination was not adequate or complete; and (d) where a substantial time lag occurred between the initial examination and the trial.

*Moore v. Calavar Corp.,* 142 F.R.D. 134, 135 (W.D. La. 1992) (citations omitted).

The Court agrees that circumstances warrant an updated medical exam. Over a year has elapsed since the first exam, during which time Mr. Thakore underwent the first recommended surgery and intends to proceed with the second, a three-level

cervical fusion. Mr. Thakore's recovery and ongoing medical issues since the first surgery are relevant to his claims. Shelter has thus shown good cause. Accordingly,

IT IS ORDERED that Defendant's Motion to Compel Updated Medical Examination (Rec. Doc. 46) is GRANTED.

IT IS FURTHER ORDERED that the deadline for Defendant to provide expert reports is extended to February 3, 2025, to accommodate the second medical exam, anticipated for early January 2025.

IT IS FURTHER ORDERED that the deadline for Daubert motions is extended to February 28, 2025, with the parties' acknowledgment that the trial date may be continued if the Court is unable to rule on any such motions by the pretrial conference. All other deadlines, including the discovery and dispositive motion deadlines shall remain as previously set, except that Dr. Cenac's deposition may occur after the discovery deadline.

Signed at Lafayette, Louisiana on this 25th day of October, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE